# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | **:** | |
| ROBERT G. LAMARTINA, et al. | **:** | |
| | **:** | |
| v. | **:** | Civil No. CCB-05-456 |
| | **:** | |
| GREAT AMERICAN INSURANCE | **:** | |
| COMPANY, et al. | **:** | |

## MEMORANDUM

Now pending before the court is plaintiffs' "motion for relief from judgment or order" asking for reconsideration of this court's memorandum and order of March 31, 2006 (*See* docket entries nos. 45 & 46)[1]  The issues have been fully briefed and no hearing is necessary. Local Rule 105.6.  I will presume familiarity with my previous ruling in that matter, as it discusses all the relevant facts and issues. For the reasons that follow, the plaintiffs' motion will be denied.

In this insurance coverage dispute arising out of an alleged "hit and run" accident, plaintiffs, Mr. and Mrs. Lamartina ("the Lamartinas"), sought monetary damages for an alleged breach of contract by defendants Great American Insurance Company ("GAIC") and Dallas

---

[1] This "motion for relief from judgment or order," filed on April 14, 2006, is untimely. *See* Fed. R. Civ. Pro. 59(e)("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.").  Plaintiffs also attempt to bring this motion under Fed. R. Civ. Pro. 60, which allows such motions to be brought "within a reasonable time," but plaintiffs do not even allege the limited specific grounds on which Rule 60 motions can be granted. For clarity and finality, and because defendants have already been compelled to respond to the substance – if any – of the motion, the court will briefly address and reject plaintiffs' contentions.

1

Mavis Specialized Carrier Company ("Dallas Mavis"). On March 31, 2006, this court granted

defendants' motions for summary judgment, finding that the GAIC policy was "simply not a

policy for the type of accident in which Mr. Lamartina unfortunately found himself," and that

"statutory UM coverage mandates cannot be read to require UM coverage for occurrences

completely outside the scope of the overall policy."[2]  The court also found that the claims against

Dallas Mavis were not supported in fact or in law.  Moreover, finding that plaintiffs' counsel's

pre-filing investigation fell below the "reasonable inquiry" standard, and that plaintiffs brought

their claims for an improper purpose, the court granted GAIC's motion for Rule 11 sanctions, in

part, reserving final determination of the amount of the sanctions until after further briefing.

 In their motion to reconsider, the Lamartinas complain that a "key element" of this

court's March 31, 2006 ruling was its "assumption" that Liberty Mutual was actually the insurer

in the position to provide coverage, and that Mr. Lamartina was aware of this fact, having

informed the police that Liberty Mutual was his insurance carrier at the scene of the accident.

Motions for relief from judgment or order, often considered as "motions to reconsider," can

indeed provide a valuable function where there has been an intervening change in the controlling

law, the court has made a clear error, or there is newly discovered material evidence. *See Pinney*

*v. Nokia, Inc.*, 402 F.3d 430, 452 (4th Cir. 2005).  The problems for which such a motion is an

appropriate remedy are rare, however, and thus the motion itself should be equally rare. *See*

*Potter v. Potter*, 199 F.R.D. 550, 552 (D.Md. 2001).

 The Lamartinas' request simply demonstrates a misunderstanding of both the court's

---

[2] Both plaintiffs also included loss of consortium claims against the defendants which were similarly rejected.

reliance on the Liberty Mutual evidence, and the strength of the evidence against them and supporting sanctions.  First, as footnote 8 of the opinion clearly states, the court expressly did not consider this alleged "key element" in ruling on the motions for summary judgment.[3]  As the opinion makes clear, summary judgment was appropriate without consideration of this element.[4] Second, while the court viewed – and continues to view – the evidence raised in footnote 8 as relevant to the issue of sanctions, it was only a minor factor, raised in a single footnote, of that part of the court's analysis. The case for imposing sanctions is sufficiently strong without that evidence.[5]

---

[3] The Lamartinas cite footnote 8 of the March 31, 2006 opinion as the "key element" of their motion for relief. The footnote reads as follows:

> FN8. Curiously, on the accident report completed by Mr. Lamartina and the officer at the scene of the accident on December 8, 2004, Liberty Mutual is listed as Mr. Lamartina's insurance provider. (*See* GAIC's Combined Response to Mots. to Stay and for Leave , Exhibit A, "Crash Report") Ostensibly, however, this entire suit is the result of the Lamartinas' alleged ignorance of the appropriate insurance company and the defendants' refusal to inform them of its identity. Plaintiffs make no attempt to address this discrepancy, and it is not necessary to evaluate it in considering the motions for summary judgment.  It may be relevant, however, to GAIC's motion for sanctions.

[4] On May 5, 2006, the Lamartinas filed an even more untimely second "motion for relief from judgment or order," (*See* docket entry no. 50), adding little to their original "motion for relief from judgment or order" filed on April 14, 2006, (*See* docket entry no. 47), but prompting another round of responses from the defendants. *See* Fed. R. Civ. Pro. 59(e). The arguments raised in the May 5, 2006 filing do not change the court's analysis or warrant a response. Nevertheless, the court notes that, even if it was proven, as the Lamartinas now contend, that Mr. Lamartina never gave any such statement to the officer on the scene, summary judgment and sanctions would still be appropriate. Moreover, it is too late in the day for the Lamartinas to raise this new contention regarding GAIC's obligation to compensate Mr. Lamartina for "down-time." All that is accomplished by the Lamartinas' second "motion for relief from judgment or order" is a strengthening of the already solid case for sanctions.

[5] As documented in the March 31, 2006 opinion, filing a breach of contract claim based on a contract which counsel had never seen, as counsel did here, falls far below the "reasonable inquiry" standard. Second, even if this pre-filing violation were ignored, plaintiffs filed their

Far from a "key element," the issues raised in footnote 8 were wholly unnecessary to any aspect of the court's ruling. For the reasons stated above, the plaintiffs' motion will be denied.

A separate order follows.


_____May 26, 2006_____                    _____/s/_____
Date                                                 Catherine C. Blake
                                                     United States District Judge

---

oppositions to summary judgment after being advised of the clear policy exclusions.  Third, even if an improper purpose were not sufficiently clear from the circumstances, plaintiffs' filings contained repeated admissions of such a purpose - namely that the suit was brought because GAIC failed to provide the name of another insurer, rather than on any recognized legal basis. Taking a position that would be surprising if not for the court's familiarity with counsels' prior filings, plaintiffs in fact reiterate this purpose in this motion for relief from judgment. (*See* Mot. for Relief at ¶ 5).